UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. GLADNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV163 HEA |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 514463), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.52. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $17.58, and an average monthly balance of $3.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.52, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Correctional Medical Services, Inc. ("CMS"), Charles Chastain (doctor at Eastern Reception, Diagnostic and Correctional Center ("ERDCC")), Rodrigo Goh (doctor at Moberly Correctional Center ("MCC")) and Milo Farnham (doctor at Western Missouri Correctional Center ("WMCC")).

In this action for monetary damages plaintiff contests the alleged inconsistent medical care he received at three different Missouri Correctional facilities from three different doctors employed by CMS.

Plaintiff asserts that when he entered the correctional system, a Dr. Singer prescribed him oxygen and ordered breathing treatments four times daily during his incarceration at the St. Louis City Justice Center. He claims that when he was transferred to ERDCC defendant Chastain discontinued his oxygen use and ordered breathing treatments as needed. Plaintiff alleges that when he was transferred to MCC defendant Goh "went along with Dr. Charles Chastain and then instead of treating [him] they put [him] in the hole waiting for transfer and [he] still didn't get the correct treatment." Plaintiff further claims that he was sent to WMCC to "get the correct treatment" but he "never did." Plaintiff asserts that instead of being given oxygen by defendant Farnham the doctor gave him a wheelchair to take the place of

his oxygen use. Although plaintiff asserts that the doctors and CMS are "playing with his life and health," he has not identified the medical condition he believes he is suffering from or provided any information regarding why he believes that treatment he has received from defendants was insufficient.

## Discussion

The complaint is silent as to whether the defendant doctors are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official - in this case, CMS. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978); Sanders v. Sears Roebuck and Company, 984 F.2d 972 (8th Cir.1993). The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's

constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Likewise, plaintiff has simply not properly alleged a claim for deliberate indifference. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). As noted above, plaintiff has not even identified the medical condition he suffers from, let alone alleged that he suffers from an objectively serious medical need. Nor has plaintiff provided evidence that any of the defendant doctors knew of a serious medical condition but deliberately disregarded plaintiff's medical needs. Rather, the instant complaint sounds more like a mere disagreement with treatment decisions which is not actionable under § 1983. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.52 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of February, 2011.

  
                                      HENRY EDWARD AUTREY  
                                    UNITED STATES DISTRICT JUDGE